

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,
                    Respondent,

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAR 04 2013  ★

LONG ISLAND OFFICE

MEMORANDUM & ORDER

02-CR-528 (TCP)

          -against-

MARIO LEONE,
                    Petitioner.

-------------------------------------------------------X

PLATT, District Judge.

By letter dated January 3, 2013, Petitioner requests that the Court authorize early

termination of Petitioner's five-year term of probation. Petitioner's Letter Motion for Early

Termination, ECF No. 37 ("Petitioner's Letter"). The Court **DENIES** Petitioner's request.


**BACKGROUND**

On June 22, 2009, Petitioner pleaded guilty, in this Court, to a single count information

of conspiracy to commit money laundering, a felony violation of 18 U.S.C. § 1956(a)(1)(B)(i)

and § 1956(h). *See* Judgment, June 22, 2009, ECF No. 32. The single-count information:

> charge[d] that between October 28, 1992 through July 6, 2000, [Petitioner] []
> conspired to conduct financial transactions that affected interstate commerce . . . .
> transactions [which] involved the proceeds of a specified unlawful activity . . . the
> distribution of marijuana, knowing that the property involved in said financial
> transactions . . . represented the proceeds of said unlawful activity, with the intent
> to promote the carrying on of said specified unlawful activity, and knowing that
> the transactions were designed in whole and in part to conceal and disguise the
> nature, the location, the source, the ownership and the control of the proceeds of
> said specified unlawful activity.

Presentence Investigative Report, November 26, 2003 ("PIR").

Prior to Petitioner's sentencing, the Government submitted a letter pursuant to Section

5K1.1 of the Sentencing Guidelines, which requested that the Court downwardly depart from the

Sentencing Guidelines in imposing Petitioner's sentence. *See* Section 5k1.1 Letter 1 ("5k1.1

1

Letter"), March 10, 2009. The Government noted Petitioner's cooperation as to related prosecutions.[1]

The Presentence Investigative Report noted the Court's sentencing options as to Petitioner. PIR 18. Federal statute provided a maximum statutory term of imprisonment of 20 years. *Id.* (citing 18 U.S.C. § 1956(a)(1)). The Sentencing Guidelines provided a range of 63 to 78 months of imprisonment. *Id.* Due, in part, to Petitioner's "remarkable" cooperation, the Court sentenced Petitioner to five (5) years of probation, a fine of one-hundred thousand dollars ($100,000), a one-hundred dollar ($100) mandatory special assessment, six (6) months of confinement in a halfway house, and six (6) months of home detention. *See, e.g.,* Petitioner's Letter 1. According to Petitioner, Petitioner has been fully-compliant with the Court's sentence. *Id.* at 1-2. The Government confirmed that Petitioner satisfied the $100,000 fine. *See* Satisfaction of Judgment, November 10, 2010, ECF No. 34. According to Petitioner, the Government takes no position as to the Petitioner's present motion. *See* Petitioner's Letter 2.

## ANALYSIS

### I. Standard

> The court, after considering the factors set forth in section 3553(a) . . . may . . .
> terminate a term of probation previously ordered and discharge the defendant at
> any time . . . after the expiration of one year of probation in the case of a felony, if
> [the Court] is satisfied that such action is warranted by the conduct of the
> defendant and the interest of justice.

18 U.S.C. § 3564(c).

---

1 Noting, for instance, Petitioner "worked as a cooperator as if it was a full-time job, dedicating well over 40 hours [per] week to working with the [DEA] agents for many months" and that "[Petitioner]'s cooperation was whole[-]hearted and remarkable." 5k1.1 Letter at 2, 3, respectively.

The § 3553(a) factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed[2] . . . (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement [issued by the Sentencing Commission] . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(1)-(6).

Section 3564(c) "provides the district court with retained authority to revoke, discharge, or modify terms and conditions of [probation] following [the Court's] initial imposition of a [probation] term in order to account for new or unforeseen circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).[3] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . will render a previously imposed [probationary] term . . . either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.*

A petitioner's compliance with the conditions of his probation, however, is insufficient to warrant early termination. *See United States v. Bailin*, 05-cr-48-01, 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008) ("Full compliance with the terms of probation, though laudable, does

---

2 "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(2).

3 While *Lussier* regards a request for modified supervised release, both *Lussier* and the present case regard the Court's power to terminate after considering the Section 3553 factors.

not constitute the type of exceptional behavior entitling a defendant to early termination."); *see also United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").

## II.    Petitioner's Request is Denied

Petitioner argues that his probation "has been completely uneventful, and he has complied in all respects with the Probation Department." Petitioner's Letter 2. Petitioner argues the "Court can and should consider [Petitioner's] original offense, coupled with his conduct throughout the case", which, in toto, Petitioner argues warrants the termination. *Id.*

The Court has considered the factors listed in 18 U.S.C. § 3553(a)(1)-(6).[4] While the Court is pleased that Petitioner has complied with the conditions of his sentence, the Court expects adherence (and society deserves it). Further, in its sentence, the Court downwardly departed—dramatically so—from the sentencing guidelines to account for Petitioner's cooperation. That cooperation does not now warrant additional relief; Petitioner gained that relief in the Court's downward departure.

As paralleled in *Medina*, if compliance with the terms of probation necessarily awarded termination to a petitioner, the term itself would be pointless.[5] Because Petitioner's probation term has been "uneventful" does not persuade the Court that an early termination is warranted herein. The Court **DENIES** Petitioner's motion.

---

[4] The Court is not required to make specific findings as to each of these factors. *See, e.g., United States v. Gammarano*, 321 F.3d 311, 315 (2d Cir. 2003).

5 If bad behavior warrants a revocation of probation (in favor of imprisonment) and good behavior warrants an early termination of probation, then nary a defendant would serve the actual term of probation. The exception would indeed swallow the rule.

**SO ORDERED.**

Dated: March ⁊⁊, 2013
       Central Islip, New York

                     /s/ Thomas C. Platt

                     Thomas C. Platt, U.S.D.J.